UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINDA MCCORMICK,

    Plaintiff(s),

vs.                                                              Case No.  05-72165
                                                              Honorable Victoria A. Roberts

DAVID M. FINDLING, JAMES A MIECHIELS,
MICHAEL E. FISHER, SEAN P. KAVANAGH, and
THE CITY OF LIVONIA,

    Defendant(s).
_____

**ORDER: (1) GRANTING DEFENDANT DAVID FINDLING'S
MOTION TO DISMISS, AND (2) DECLINING TO EXERCISE JURISDICTION
OVER REMAINING STATE LAW CLAIMS**

**I.    INTRODUCTION**

This matter is before the Court on Defendant David Findling's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim Upon Which Relief Can Be Granted.  For the following reasons, the Court **GRANTS** Defendant's Motion. Further, the Court **DISMISSES** the action in its entirety, inasmuch as the Court declines to exercise supplemental jurisdiction over the remaining state law claims.

**II.    BACKGROUND**

This case arises from a series of actions litigated primarily in the Michigan state court system beginning in 1976.

1

In 1975, Mary G. McCormick (Plaintiff's mother) instituted divorce proceedings against Edward J. McCormick (Plaintiff's father). Edward McCormick is now deceased. On July 19, 1976, in an effort to reconcile the marriage, Edward McCormick conveyed his interest in the marital home located at 8995 Henry Ruff Road in Livonia, Michigan to Mary McCormick.

On July 19, 1976, both Mary and Edward McCormick stated on the record that the Henry Ruff property was conveyed to Mary McCormick as sole owner in return for reconciliation of the marriage. Mary McCormick withdrew her complaint for divorce. The consent judgment was approved by the Honorable Robert J. Columbo, who dismissed the divorce action with consent of the parties. However, Mary McCormick filed a second divorce action in 1984.

After Mary McCormick filed for divorce, an ex parte injunctive order was entered prohibiting transfer of any assets from the parties' bank accounts. Upon entry of the judgment of divorce, an order was entered that enjoined the enforcement of the property settlement provisions of the divorce judgment pending exhaustion of appellate remedies. Mary McCormick then appealed the property and alimony provisions of the divorce judgment. On September 9, 1991, the Michigan Court of Appeals reversed in part and remanded in part. One of the issues remanded was the distribution of the marital home, the Henry Ruff property.

The deed conveying the Henry Ruff property from Edward McCormick to Mary McCormick, as per the reconciliation agreement, is dated July 19, 1976 and was recorded on March 25, 1980. On March 21, 1980, Mary McCormick deeded the property to herself and her three daughters, Linda, Nancy, and Frances, as joint tenants

with rights of survivorship.  On April 25, 1980, Frances quit claimed her interest in the property to Mary, Linda and Nancy.  Then, on July 26, 1984, Nancy quit claimed her interest to Mary and Linda.  Finally, on March 26, 1986, Mary quit claimed her interest to Linda McCormick.  *See McCormick v. McCormick*, 221 Mich.App. 672, 675-676 (Mich.App. 1997).  The Court of Appeals remanded for determination of the property interests, beginning with a determination of the validity of the 1976 reconciliation agreement.  The court stated that third parties claiming an interest in the property should be represented by counsel.  *Id.* at 676.

Edward McCormick died on October 24, 1992.  Following his death, and without notice to the decedent's estate, Mary McCormick petitioned the circuit court to dismiss the post appeal proceedings.  An order was entered on March 15, 1993 dismissing the post appeal proceedings and setting aside the injunctive orders pertaining to the bank accounts.  *Id.* at 677.  Mary and Linda McCormick removed the funds from the accounts.  This prompted the personal representative to move to reinstate the case.

After reinstatement, the case was removed to the probate court.  It was determined that the probate court did not have jurisdiction.  The case was sent back to the circuit court for determination of the alimony and property issues.  On September 10, 1999, the circuit court entered an order holding that the reconciliation agreement was void ab initio, that the marriage between Mary and Edward McCormick was dissolved prior to his death on October 24, 1992, and that all individuals who may have had any interest in the Henry Ruff property were given notice of the evidentiary hearing ordered by the court of appeals and had ample opportunity to hire counsel if they so desired.  (Defendant's Motion to Dismiss, Exhibit A).  The court also held that the deed

signed by Mary McCormick conveying the Henry Ruff property to Linda McCormick on March 19, 1986 was void because it was in violation of the injunctive orders entered by the trial court. *Id*. The court ordered that the Henry Ruff property was the sole property of the estate of Edward McCormick, subject to a life estate in Mary McCormick with conditions[1]. *Id*.

The Henry Ruff property caught fire on December 18, 2003. On January 23, 2004 a Receiver was appointed in the ongoing divorce proceedings, to ensure that insurance proceeds from the fire damage were used to repair the home. Linda McCormick brought suits in this Court to prevent appointment of the Receiver. She also alleged constitutional violations based on the state court ruling that her only interest in the Henry Ruff property was as an heir to Edward McCormick's estate. The case numbers were 04-70613 and 04-70622. On March 16, 2004, this Court dismissed the actions based on the *Rooker-Feldman* doctrine, holding that Linda McCormick was essentially appealing the state court's orders, which is beyond the province of the federal district court. Linda McCormick's appeal of that decision is now pending in the Sixth Circuit.

On June 25, 2004, the state court entered an order which allowed Defendant to file a third party complaint to join Linda McCormick as a party to the 1984 divorce action, case no. 84-422014. Linda McCormick was added and injunctive relief was granted based on a finding that Linda McCormick damaged the Henry Ruff property by

---

[1]One of the conditions was that Mary McCormick maintain insurance in her own name, but she failed to do so. Instead, Linda McCormick maintained the policy in her name. Mary McCormick's life estate was extinguished on March 12, 2004 and eviction proceedings followed.

painting no trespass signs.

Linda McCormick filed this action on June 2, 2005. The Defendants are David Findling, the Receiver; James A. Miechiels, a contractor; Michael Fisher and Sean Kavanaugh, Livonia city attorneys; and, the City of Livonia. She alleges several claims: Count I - Fourth Amendment violation for illegally seizing the insurance proceeds and personal property; Count II - Fifth Amendment due process violation for the taking of the insurance proceeds and personal property; Count III - First Amendment violation for removal of the no trespass signs; Count IV - Intentional interference with contract pertaining to her insurance policy and a contract she had with a general contractor; and Count V - Filing false pleadings in the state court.

### III.     ARGUMENTS OF THE PARTIES

#### A.     Defendant David Findling's Motion to Dismiss

The Defendant lists several reasons why this Court should dismiss the claims against him.

##### 1.     *Rooker-Feldman*

The Defendant argues this Court lacks subject matter jurisdiction based on the *Rooker-Feldman* doctrine. The Defendant asserts that lower federal courts lack subject matter jurisdiction to engage in appellate review of state court proceedings where the injury alleged arises from a state court's judgment or where the injury alleged is inextricably intertwined with the state court judgment. (Defendant's Motion to Dismiss, p. 7).

The Defendant contends that all of the claims alleged against him arise from the

5

state court judgments. To provide relief to Linda McCormick, this Court would have to pass upon the validity of the state court judgments.

### 2. *Younger* abstention doctrine

The Defendant further argues that this Court should dismiss the action under the *Younger* abstention doctrine, which advocates deference to ongoing state court proceedings.

The Defendant points to the fact that the 1984 divorce action is still ongoing and this Court should abstain from interfering until there has been a final resolution.

### 3. Immunity from suit

The Defendant claims that he is an officer of the court because he is a receiver. The Defendant notes cases from other circuits granting receivers judicial immunity where they faithfully execute judicial orders. (Defendant's Motion, p. 12). The Defendant also asks that the Court take judicial notice of the amended order appointing the Defendant as receiver. (Defendant's Motion, Exhibit H). The order states that the Defendant is an agent of the court and shall have immunity from any and all causes of action, suits, proceedings, etc. in any manner arising from his actions in his court appointed capacity.

### 4. Action barred under res judicata

Finally, the Defendant asserts that the Plaintiff's claims are barred by res judicata because her claims arise out of events at issue in prior litigation.

### B. Plaintiff's Response to Defendant David Findling's Motion to Dismiss

The Plaintiff argues that her current action is separate from the actions on appeal

to the Sixth Circuit. This Court dismissed those actions as nothing more than an appeal of the state court decisions. Here, McCormick claims she is not seeking adjudication of the validity of the state court judgments, but instead is raising separate and independent claims for violation of her constitutional rights. Therefore, the Plaintiff claims this action should not be dismissed as her previous actions brought were.

Additionally, the Plaintiff argues there is an exception to *Rooker-Feldman* which applies here. She claims that the *Rooker-Feldman* bar does not apply where the party seeking federal relief was not a party to the state action. Linda McCormick claims she was never a party to the 1984 divorce proceeding, or in the alternative, that she was fraudulently added by the Defendant to avoid federal litigation.

Further, Plaintiff argues that Defendant's res judicata argument fails because the 1984 divorce proceeding is ongoing, and, therefore, the orders of the court are not final judgments for purposes of preclusion.

## IV.   APPLICABLE LAW AND ANALYSIS

This Court does not have subject matter jurisdiction to entertain Counts I-III of the Complaint because of the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine holds that "lower federal courts lack subject matter jurisdiction to engage in appellate review of state court proceedings or to adjudicate claims 'inextricably intertwined' with issues decided in state court proceedings." *Peterson Novelties, Inc. v. City of Berkley*, 305 F.3d 386, 390 (6th Cir. 2002). "[A] federal claim is 'inextricably intertwined' with a state court judgment and thus implicates *Rooker-Feldman* when 'the federal claim succeeds only to the extent that the state court wrongly decided the issues before it'...if the federal claim can succeed without calling into question the correctness of the state

court judgment, *Rooker-Feldman* does not apply." *Id*. at 393 (citation omitted).

The Plaintiff is correct in her assertion that there is an exception to the *Rooker-Feldman* bar where the federal plaintiff was not a party to the state action. "A person who was not a party in the state court action did not have an opportunity to litigate its claims. That person must be allowed to bring an action in federal court to attempt to vindicate its perceived rights, otherwise it will have no chance to do so. A party had no obligation to attempt to intervene in a state court action when it is not named in the suit in order to preserve its rights." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995).

However, the exception to *Rooker-Feldman* does not apply to the Plaintiff because she is a party to the state action. She was added via a third party complaint on June 2, 2004. *See* Defendant's Motion to Dismiss, Exhibit D. Even though the Plaintiff claims she was wrongfully added, the fact remains that she is a party and she must take up any claim of error with the state court.

Plaintiff's claims in this action are inextricably intertwined with the issues decided in the 1984 state court divorce proceeding to which the Plaintiff is a party. For the federal court to adjudicate the Plaintiff's 1st, 4th and 5th Amendment violation claims, it would necessitate a ruling on the validity of the state court judgments. This Court could not rule whether the court appointed receiver illegally seized the property at issue from Plaintiff without reviewing the state court judgment allowing him to do so. Further, this Court cannot adjudicate the Plaintiff's 1st Amendment claim without ruling on whether the Plaintiff had any right to the Henry Ruff property when she posted no trespass signs. Because all of the Plaintiff's constitutional claims require review of the state court

judgments, this Court is barred from ruling on them pursuant to *Rooker-Feldman*. The Plaintiff is not without redress -- she is a party to the state court action and is free to challenge any alleged wrongdoing in that forum.

Lastly, the remaining claims for intentional interference with contract and filing false pleadings are state claims. In its discretion, the Court may continue to exercise jurisdiction over the remaining state law claims despite dismissal of the federal claims. 28 USC § 1367. However, "if the federal claims are dismissed before trial...the state claims should be dismissed as well." *Hankins v. Gap, Inc.*, 84 F.3d 797, 803 (6th Cir. 1996)(citation omitted). "The decision depends on 'judicial economy, convenience, fairness, and comity." *Musson Theatrical, Inc. v. Federal Express Corporation*, 89 F.3d 1244, 1254 (6th Cir. 1996). In this case, judicial economy favors dismissal since it is early in the proceedings and there has been no discovery. Further, there would be no prejudice in dismissing the claims for resolution in the state court. The parties are all parties to the ongoing state court action and can adjudicate their claims in that proceeding. Moreover, it is more convenient to litigate the Plaintiff's claims in the ongoing state court action because it arises from the same transaction. For these reasons, the Court declines to exercise supplemental jurisdiction over the remaining state claims.

## V.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant David Findling's

Motion to Dismiss for Lack of Subject Matter Jurisdiction.  The Court declines to exercise supplemental jurisdiction over the remaining state law claims.  This suit is **DISMISSED** in its entirety.

**IT IS SO ORDERED.**

                                              S/Victoria A. Roberts
                                              Victoria A. Roberts
                                              United States District Judge

Dated:  September 12, 2005

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on September 12, 2005.<br><br>s/Carol A. Pinegar<br>Deputy Clerk |